IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


LOGAN CHENEY,

    Petitioner,

vs.                                                      No. CIV 18-0196 JB\CG
                                                         No. CIV 18-0218 JB\CG
BETTY JUDD, *Warden,* and                      No. CIV 18-0385 KG\CG
ATTORNEY GENERAL OF
THE STATE OF NEW MEXICO

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Petitioner's Amended Habeas Corpus Petition Under 28 U.S.C. § 2254, filed April 16, 2018 (No. CIV 18-0218 JB\CG, Doc. 8)("Amended Petition"); (ii) Petitioner's Petition for Writ of Habeas Corpus, filed April 25, 2018 (No. CIV 18-0385 KG\CG, Doc. 1)("Second Habeas Petition"); (iii) Petitioner's Motion to Consolidate, filed May 10, 2018 (No. CIV 18-0218 JB\CG, Doc 13)("First Motion to Consolidate"); (iv) Petitioner's Motion to Consolidate, filed May 10, 2018 (No. CIV 18-0385 KG\CG, Doc. 6)("Second Motion to Consolidate'); and (v) Plaintiff's Motion to Consolidate, filed May 10, 2018 (No. CIV 18-0196 JB\CG, Doc. 24)("Third Motion to Consolidate"). Petitioner Logan Cheney seeks to consolidate his two habeas actions (No. CIV 18-218 JB\CG and No. CIV 18-385 KG\CG) and his 42 U.S.C. § 1983 civil rights action (No. CIV 18-196 JB\CG). In the habeas actions, Cheney challenges the constitutionality of his state court convictions for aggravated battery. See Amended Petition at 1; Second Habeas Petition at 1. The Honorable Carmen Garza, United States Magistrate Judge for the United States District Court for the District of New Mexico, ordered Cheney to show cause why his habeas claims should not be dismissed for

failing to exhaust state remedies, as required by 28 U.S.C. § 2254(b)(1)(A). See Order to Show Cause at 1, filed May 1, 2018 (No. CIV 18-0218 JB\CG, Doc. 11). Having reviewed the Response, the record, and applicable law, the Court will consolidate the two habeas actions but dismiss both cases without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

The following background information was taken from the Amended Petition in No. CIV 18-0218 JB\CG and Cheney's state court criminal docket, which is subject to judicial notice. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(noting that district courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

On May 7, 2015, the State of New Mexico charged Cheney with attempted murder, shooting at a dwelling or occupied building and tampering with evidence. See Criminal Information in case no. D-1116-CR-2015-00385. Cheney later pled guilty to aggravated battery causing great bodily harm and aggravated battery with a deadline weapon in violation of N.M. Stat. Ann. §§ 30-03-05(C) and 31-18-16. See Plea and Disposition Agreement, entered November 3, 2017 in case no. D-1116-CR-2015-00385. On December 5, 2017, the State District Court sentenced Cheney to seven years in prison, followed by two years of parole. See Amended Petition at 1.

Cheney then initiated a series of actions in federal court. First, Cheney filed a civil rights complaint. See Pro Se Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at 1, filed February 28, 2018 (Doc. 1)("Complaint"). Cheney then filed a motion challenging his State sentence's length. See Motion to Resentence on the Grounds of Unduly Harsh and Excessive Sentencing, filed On March 6, 2018 (Doc. 1)("Motion"). On March 14, 2018, Magistrate Judge Garza

explained that Cheney must file a habeas proceeding under 28 U.S.C. § 2254 if he wished to challenge his state sentence in federal court. See Order to Cure Deficiency at 1, filed March 14, 2018 (Doc. 3). Cheney then submitted a § 2254 Habeas Corpus Petition. See Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at 1, filed March 23, 2018 (Doc. 6). However, he failed to sign that submission under penalty of perjury as required by Habeas Corpus Rule of Procedure 2(c)(5). Magistrate Judge Garza again required Cheney to cure the deficiency. See Second Order to Cure Deficiency, filed April 3, 2018 (Doc. 7). Cheney then filed the Amended Petition on April 16, 2018. See Amended Petition at 1-3. Cheney also filed a Motion for Leave to Proceed In Forma Pauperis on April 16, 2018 (Doc. 9), which the Court granted on April 25, 2018, see Order Granting Motion to Proceed *in Forma Pauperis* at 1 (Doc. 10). On the same day, Cheney filed a second habeas corpus action under 28 U.S.C. § 2254. See Second Habeas Petition at 1.

In the habeas proceedings, Cheney asks the Court to vacate his state court sentence. See Amended Petition at 7, 10; see also Second Habeas Petition at 3. Cheney raises claims for "unduly harsh and excessive sentencing," "bias . . . of court officers," and double jeopardy violations. Second Habeas Petition at 1. Cheney has not raised any of his federal claims before the New Mexico Supreme Court. See Amended Petition at 3; Second Habeas Petition at 3. Accordingly, Magistrate Judge Garza ordered Cheney to show cause why his Amended Petition should not be dismissed for failure to exhaust state remedies. See Order to Show Cause, filed May 1, 2018 (Doc. 11)("Third Order to Show Cause"). See 28 U.S.C. § 2254(b)(1)(A) (requiring a habeas applicant to exhaust "remedies available in the Courts of the State").

Cheney responded to the Third Order to Show Cause. See Response at 1, filed May 10, 2018 (Doc. 12) Cheney argues that the exhaustion requirement should be excused because: (i)

the time for filing a direct criminal appeal is expired; (ii) he is ignorant of the law; and (iii) he filed two other federal proceedings -- another habeas proceeding and a 42 U.S.C. § 1983 civil rights action. See Response at 1. Cheney also asks that the Court consolidate all three federal actions. See Motion at 1.

## LAW REGARDING CONSOLIDATION

Rule 42 of the Federal Rules of Civil Procedure provides: "If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). In deciding whether to grant a motion to consolidate, the court should initially consider whether the cases to be consolidated involve a common question of law or fact. See Servants of the Paraclete, Inc. v. Great American Insurance Co., 866 F. Supp. 1560, 1572 (D.N.M. 1994)(Burciaga, J.). If there is a common question, the court should weigh the interests of judicial convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause. See Servants of the Paraclete v. Great American Insurance Co., 866 F. Supp. at 1572. The party moving for consolidation bears the burden of demonstrating that consolidation is desirable. See Servants of the Paraclete v. Great American Insurance Co., 866 F. Supp. at 1572.

Consolidation does not result in a merger of separate suits into a single cause of action. See Harris v. Ill–Cal. Esp., Inc., 687 F.2d 1361 (10th Cir. 1982).

> "[C]onsolidation does not cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to the other" ... Instead, consolidation is an artificial link forged by a court for the administrative convenience of the parties, it fails to erase the fact that, underneath consolidation's façade, lie two individual cases.

Chaara v. Intel Corp., 410 F.Supp.2d 1080, 1089, 1094 (D.N.M. 2005)(Browning, J.)(quoting

McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982)).

The Court has broad discretion in determining whether to consolidate cases. See Gillette Motor Transp., Inc. v. N. Okla. Butane Co., 179 F.2d 711 (10th Cir. 1950). Consolidation is a question of convenience and economy in judicial administration, and the court is given broad discretion to decide whether consolidation under rule 42(a) would be desirable, and the district judge's decision inevitably is highly contextual. See 9A Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus & Adam N. Steinman, Federal Practice & Procedure, Civil § 2383 at 26–31 (3d ed. 2008). A court's decision to grant or deny consolidation is reviewed for abuse of discretion and a court's denial of a party's request to consolidate will be affirmed on appeal absent clear error or exigent circumstances. See Skirvin v. Mesta, 141 F.2d 668, 672 (10th Cir. 1944); Am. Emp'rs Ins. Co. v. Bottger, 545 F.2d 1265 (10th Cir. 1976).

## LAW REGARDING § 2254 AND EXHAUSTION OF STATE REMEDIES

Section 2254 provides:

> a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). When a state prisoner challenges his custody and, by way of relief, seeks to vacate his sentence and obtain immediate or speedy release, his sole federal remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Henderson v. Sec'y of Corr., 518 F.2d 694, 695 (10th Cir. 1975).

A writ of habeas corpus generally may not be granted unless the applicant has exhausted state remedies. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999); Dever v. Kansas State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the

conviction or in a postconviction attack." Dever v. Kansas State Penitentiary, 36 F.3d at 1534. "Fair presentation, in turn, requires that the petitioner raise in state court the substance of his federal claims." Williams v. Trammell, 782 F.3d 1184, 1210 (10th Cir. 2015)(internal quotation marks omitted). "This includes not only the [federal] constitutional guarantee at issue, but also the underlying facts that entitle a petitioner to relief." Dever v. Kansas State Penitentiary, 36 F.3d at 1534. See Fairchild v. Workman, 579 F.3d 1134, 1149 (10th Cir. 2009)("A claim is more than a mere theory on which a court could grant relief; a claim must have a factual basis, and an adjudication of that claim requires an evaluation of that factual basis.")(quotations omitted). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981). See 28 U.S.C. § 2254 (allowing a writ of habeas corpus in the absence of state remedy exhaustion only if "there is an absence of available State corrective process" or "such circumstances exist that render such process ineffective to protect the rights of the applicant.").

"Sua sponte consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. United States v. Mitchell, 518 F.3d 740, 746 n.8 (10th Cir. 2008). As the United States Court of Appeals for the Tenth Circuit explained, "habeas proceedings are different from ordinary civil litigation and, as a result, [the] usual presumptions about the adversarial process may be set aside." United States v. Mitchell, 518 F.3d at 746. Rule 4 of the the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on February 1, 2010 (hereinafter, "Habeas Corpus Rules"), requires sua sponte review of habeas petitions. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief … the judge must dismiss the

petition." Habeas Corpus Rule 4. "If the petition is not dismissed, the judge must order the respondent to file an answer. . . ." Habeas Corpus Rule 4.

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, the district court construes his or her pleadings liberally, and holds them to a "less stringent standard than [that standard applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court should liberally construe the pro se litigant's factual allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992). The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. Moreover, "pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## ANALYSIS

Cheney asks the Court to consolidate his three federal actions and to vacate his state criminal sentence for aggravated battery. See Motion at 1. The Court will address consolidation before reaching the merits of his habeas claims. The Court will consolidate only Cheney's habeas claims, and will dismiss each habeas because Cheney did not exhaust his State remedies.

**I.     THE COURT WILL CONSOLIDATE ONLY CHENEY'S HABEAS CLAIMS.**

Cheney asks the Court to consolidate the following three federal actions: (i) the present action, CIV. No. 18-218 JB/CG, in which Cheney seeks to vacate his battery convictions in State

criminal case no. D-1116-CR-2015-00385, see Amended Petition at 2; (ii) Cheney's second habeas action, CIV. No. 18-385 KG/CG, which attacks the same state battery convictions, see Second Habeas Petition at 2; and (iii) Cheney's civil rights action under 42 U.S.C. § 1983, Civ. No. 18-196 JB/CG, in which Cheney raises claims for cruel and unusual punishment based on his placement in segregation, see Complaint at 2. The two habeas petitions involve "common question of law [and] fact." Leviton, 2007 WL 505784, at *3. Each case challenges the same state criminal proceeding, and the Respondent is same in both cases. Compare Amended Petition at 1, with Second Habeas Petition at 1. The grounds for relief are also nearly identical. Compare Amended Petition at 1, with Second Habeas Petition at 1. In the first case, Cheney alleges the convictions should be vacated based on, among other things, "unduly harsh and excessive sentencing," court officials' "bias and prejudice", his placement in segregation, and "double jeopardy." Amended Petition at 5-6. In his Second Habeas Petition, Cheney challenges the convictions based on "unduly harsh and excessive sentencing; double jeopardy; cruel and unusual punishment; [and] bias and prejudice due to firearm enhancement." Second Habeas Petition at 2. Further, because both habeas cases challenge the same criminal proceeding, the facts and law pertaining to exhaustion will also be identical. See Fed. R. Civ. P. 42(a). For these reasons, and because consolidation will promote judicial efficiency, the Court will grant Cheney's request to consolidate his two habeas proceedings.

As to Cheney's civil rights case, consolidation is not appropriate. Cheney's civil rights case primary challenges his conditions of confinement in prison, rather than his underlying criminal conviction. See Complaint at 3. "Habeas Corpus is not an appropriate vehicle to challenge conditions of confinement." Friedman v. Anderson,[1] 249 Fed. App'x 712, 712 (10th

---

[1] Friedman v. Anderson is an unpublished opinion, but the Court can rely on an unpublished

Cir. 2007)(unpublished). See Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000)(reiterating that "federal claims challenging the conditions of . . . confinement generally do not arise under" habeas statutes); United States v. Sisneros, 599 F.2d 946, 947 (10th Cir. 1979)(concluding that claims for cruel and unusual punishment based on medical mistreatment are "not cognizable in a federal habeas corpus proceeding"). The Court therefore will deny Cheney's request to consolidate CIV No. 18-196 JB\CG with his habeas proceedings.

## II. CHENEY'S HABEAS CLAIMS ARE DEFECTIVE BECAUSE HE DID NOT EXHAUST ALL AVAILABLE STATE REMEDIES.

As noted above, the court cannot reach the merits of a petitioner's habeas claims unless "the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kansas, 36 F.3d at 1534. Courts must dismiss habeas claims without prejudice where the "petitioner's failure to exhaust is clear from the face of the petition," Allen v. Zavaras, 568 F.3d 1197, 1201 (10th Cir. 2009), and no other §2254 exceptions to the exhaustion rule apply, see Kilgore v. Attorney Gen. of Colorado, 519 F.3d 1084,

---

opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished opinions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005)(citations omitted). The Court concludes that Herd v. Tapia, 356 Fed. App'x. 140 (10th Cir. 2009), Friedman v. Anderson, 249 Fed. App'x 712, and Gunderson v. Abbott, 172 F. App'x 806 (10th Cir. 2006), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

1089 (10th Cir. 2008)(clarifying that sua sponte dismissal is permitted where the procedural defect is "clear from the face of the petition itself"). Cheney's habeas petitions both demonstrate that Cheney has not exhausted his State Court remedies. The Amended Petition contains the following question: "Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?" Amended Petition at 12. Cheney responds "[n]o," and also indicates throughout the Amended Petition that he believes his federal district court proceedings satisfy the exhaustion requirement. See Amended Petition at 12. Similarly, the Second Habeas Petition states that "[t]his is the first time in a habeas for these grounds being raised." Second Habeas Petition at 3. The state court docket also confirms that Cheney did not file a direct appeal or a state habeas petition. See Docket activity in case no. D-1116-CR-2015-00385.

In his Response, Cheney contends that the exhaustion requirement should be excused because: (i) the time for filing a direct criminal appeal is expired; (ii) he is ignorant of the law; and (iii) he has attempted to exhaust his claims through various federal cases. See Response at 1. These arguments are insufficient to resist dismissal. The court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. at 3. Courts can reach the merits of unexhausted claims when "state procedural snarls or obstacles preclude an effective state remedy against unconstitutional convictions." Bartone v. United States, 375 U.S. 52, 54 (1963).

Cheney has not alleged that New Mexico's corrective process is insufficient. Although he elected not to appeal, there is no time limit on filing a habeas petition in state court, provided it relates to the underlying conviction. See N.M. R. Ann. 5-802. Further, ignorance of the law,

including Cheney's belief that he could exhaust his claims in federal court, is not a reason to waive the exhaustion requirement, despite Cheney's pro se status. See Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000)(holding that ignorance of the law cannot be used to overcome the procedural requirements of § 2254); Herd v. Tapia, 356 F. App'x 140, 143 (10th Cir. 2009)(unpublished)("[I]t is well-settled that ignorance of the law cannot excuse the failure to exhaust"); Gunderson v. Abbott, 172 F. App'x 806, 809 (10th Cir. 2006)(unpublished)("[I]gnorance of the [requirement to exhaust] . . . neither removes fault from the petitioner nor sets him apart from any other case."). The Court therefore concludes that Cheney has not exhausted his state court remedies. The Court dismisses both consolidated habeas actions (Civ. No. 18-218 JB/CG with Civ. No. 18-385 KG/CG) without prejudice.

**IT IS ORDERED** that (i) the Petitioner's Motion to Consolidate, filed May 10, 2018 (No. CIV 18-0218 JB\CG, Doc. 13), is granted; (ii) the Petitioner's Motion to Consolidate, filed May 10, 2018 (No. CIV 18-0385 KG\CG, Doc. 6), is granted; (iii) Plaintiff's Motion to Consolidate, filed May 10, 2018 (No. CIV 18-0196 JB\CG, Doc. 24), is denied; (iv) Cheney's Petition for Writ of Habeas Corpus, filed April 1, 2018 (No. CIV 18-0385 KG\CG), is dismissed without prejudice; and (v) Cheney's Amended Petition Under 28 U.S.C. § 2254, filed April 16, 2018 (No. CIV 18-0218 JB\CG), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Logan Cheney
Northwest New Mexico Correctional Center
Grants, New Mexico

    *Petitioner pro se*