IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOGAN PATRICK CHENEY,

       Plaintiff,

vs.                                         No. CIV 18-0196 JB\CG

JOHN A. DEAN,
MICHAEL P. SANCHEZ, and
MARK CURNETT,

       Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 28, 2018 (Doc. 1)("Complaint"). Plaintiff Logan Patrick Cheney is pro se and proceeds in forma pauperis. See Order at 1, filed August 23, 2018 (Doc. 9). Cheney asserts claims against the judge, prosecutor, and defense attorney involved in his state criminal case, as well as claims against the prison officials who placed him in segregation. Having carefully reviewed the matter under 28 U.S.C. § 1915(e) and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court will dismiss the Complaint but grant Cheney leave to amend certain claims.

**FACTUAL AND PROCEDURAL BACKGROUND**

Cheney is a state inmate at the Northwest New Mexico Correctional Center in Grants, New Mexico. See Complaint at 1. The Complaint raises claims against three Farmington, New Mexico, officials: (i) the Honorable John Dean, New Mexico District Judge; (ii) prosecutor Michael Sanchez; and (iii) defense attorney Mark Curnutt. See Complaint at 1. Cheney alleges those individuals were biased, prejudiced, and did "everything they could to get the criminal

conviction[,] regardless of [his] constitutional rights." Motion at 1, 4. For example, they purportedly instructed investigators "to only look for things for a criminal conviction." Complaint at 2. Mr. Sanchez allegedly failed to "correct . . . false information . . . against Plaintiff." Complaint at 2. Cheney further alleges that Judge Dean did not conduct a fair trial and did not adhere to state speedy trial requirements. See Complaint at 2. Cheney does not provide any details about the conviction, but the state criminal docket confirms that he pled guilty to aggravated battery causing great bodily harm and aggravated battery with a deadly weapon in violation of N.M. Stat. Ann. § 30-03-05. See State of New Mexico v. Cheney, Case No. D-1116-CR-2015-00385, Eleventh Judicial District Court, County of San Juan. The San Juan County District Court docket entries are subject to judicial notice. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(courts have "discretion to take judicial notice of publicly-filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); Stack v. McCotter, 79 F. App'x 383 (10th Cir. 2003)[1](holding that a state

---

[1]Stack v. McCotter is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that McNamara v. Brauchler, 570 F. App'x 741 (10th Cir. 2014); Williams v. Weber County, 562 F. App'x 621 (10th Cir. 2014); Silverstein v. Federal Bureau of Prisons, 559 F. App'x 739 (10th Cir. 2014); Dunn v. Harper County, 520 F. App'x. 723 (10th Cir. 2013); Pola v. Utah, 458 F. App'x 760 (10th Cir. 2012); Baldwin v. O'Connor, 466 F. App'x 717 (10th Cir. 2012); Thomas v. Dona

- 2 -

district court's docket sheet was an official court record subject to judicial notice under Fed. R. Evid. 201); Van Duzer v. Simms, No. CIV 18-0405 JB/LF, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.)(courts may take judicial notice of New Mexico state criminal dockets).   Cheney further alleges that, after he was arrested, correctional officers placed him in segregation for over a year and a half.   See Complaint, at 2.   He contends that they did not issue a "write-up" or other disciplinary citation before the placement.   Complaint at 2.   Cheney alleges that the correctional officers knew he suffered from mental illness and Lyme disease, and that they "wanted him to go crazy."   Complaint at 2.

Construed liberally, the Complaint appears to raise claims against the named Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.   The Complaint also raises a claim against unnamed correctional officers for cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States and § 1983.   In the Prayer for Relief, Cheney seeks: (i) to expunge his criminal conviction; (ii) at least $500,000.00 from each Defendant for lost wages and wrongful incarceration; and (iii) at least $2.5 million in damages based on his placement in segregation.   See Complaint, at 5.   In the section addressing the exhaustion of administrative remedies, Cheney indicated he did not seek relief from prison officials before filing the federal Complaint.   See Complaint at 5.   Cheney states that the "violation of Constitutional [rights]

---

Ana County District Attorney, 361 F. App'x 965 (10th Cir. 2010); Ajaj v. United States, 293 F. App'x 575 (10th Cir. 2008); Hill v. Pugh, 75 F. App'x 715 (10th Cir. 2003); Stack v. McCotter, 79 F. App'x 383 (10th Cir. 2003); and Smith v. Romer, 107 F.3d 21 (10th Cir. 1997)(table opinion), all have persuasive value with respect to material issues and will assist the Court in its disposition of this Memorandum Opinion.

super[s]edes all other laws[,] and [the exhaustion of] administrative remed[ies] is not need[ed] or ne[ce]ssary."   Complaint at 5.   After filing the Complaint, Cheney filed at least four handwritten letters, briefs, and addenda.   See Brief at 1, filed March 26, 2018 (Doc. 5); Supplement at 1, filed April 10, 2018 (Doc. 6); Supplement at 1, filed April 11, 2018 (Doc. 7); Appendix at 1, filed May 16, 2018 (Doc. 8)("supplemental filings").   The supplemental filings are difficult to read, but the legible sections appear to reallege Cheney's claims and raise other misconduct by prison officials. See, e.g., Appendix at 2.   Cheney also filed a motion requesting that the Court appoint counsel to assist with this case.   See Untitled Letter Requesting Counsel at 1, filed October 16, 2019 (Doc. 23)("Motion to Appoint Counsel").

The Court referred the matter to the Honorable Carmen Garza, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.   See Order Referring Case at 1, filed March 2, 2018 (Doc. 2).   Cheney obtained leave to proceed in forma pauperis, and the matter is ready for sua sponte initial review.   See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b), entered August 23, 2018 (Doc. 9).   The Court will analyze whether the filings comply with rule 8(a) of the Federal Rules of Civil Procedure, and whether the discernable allegations state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.

## LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS

Section 1915(e) of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis.   See 28 U.S.C. § 1915(e).   The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."   28 U.S.C. § 1915(e)(2).

The court may also dismiss a complaint sua sponte under rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."   Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (internal quotation marks omitted).   In other words, the same standard of review applies under rule 12(b)(6) and § 1915(e).

Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."   Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).   A complaint's sufficiency is a question of law, and when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.   See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient.   Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly,

550 U.S. 544, 555 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Ashcroft v. Iqbal, 556 U.S. at 678.   "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."   Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citations and footnote omitted).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face."   Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).   "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."   Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).   The Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."   The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citation omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally

- 6 -

and held to a less stringent standard than formal pleadings drafted by lawyers."   Hall v. Bellmon,

935 F.2d at 1110.   If the court can "reasonably read the pleadings to state a valid claim on which

the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal

authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . .

. unfamiliarity with pleading requirements."   Hall v. Bellmon, 935 F.2d at 1110.   At the same

time, however, pro parties must file a legible pleading that complies with rule 8.   That rule

requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

the relief sought[.]"   Fed. R. Civ. P. 8(a).   "It is not the role of . . . the court . . . to sort through a

lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff's causes of action."

McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014(unpublished)itations omitted).

See also Pola v. Utah, 458 F. App'x 760, 761 (10th Cir. 2012)(unpublished)(affirming dismissal

of complaint that "included everything but the kitchen sink").   Allowing such pleadings to survive

screening "would force the Defendants to carefully comb through" various documents "to

ascertain which . . . pertinent allegations to which a response is warranted."   McNamara v.

Brauchler, 570 F. App'x at 743.

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

Every person who, under color of any statute, ordinance, regulation, custom, or
usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United
States or other person within the jurisdiction thereof to the deprivation of any rights,
privileges, or immunities secured by the Constitution and laws, shall be liable to
the party injured in an action at law, suit in equity, or other proper proceeding for
redress[.]

- 7 -

42 U.S.C. § 1983.   Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute.   See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights")(internal quotation marks, alteration, and citation omitted).   Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.   To state a valid claim under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.   See West v. Atkins, 487 U.S. 42, 48 (1988).   The Court has noted:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Public Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).   Consequently, there is no respondeat superior liability under § 1983.   See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).   Entities cannot be held liable solely on the existence of an employer-employee relationship with an alleged tortfeasor.   See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 689 (1978).   Supervisors can be held liable only for their own

unconstitutional or illegal policies, and not for their employees' tortious acts.  See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability.  See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006)(internal quotation marks omitted)).  The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations.  See Garcia v. Casuas, No. CIV 11-0011 JB/RHS 2011, WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).  The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. at 676.  The Tenth Circuit in Dodds v. Richardson stated:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution[]"

614 F.3d at 1199 (quoting 42 U.S.C. § 1983).  The Tenth Circuit has noted, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this

circuit in ways we do not need to address to resolve this case."   Dodds v. Richardson, 614 F.3d at 1200.   It concluded that Ashcroft v. Iqbal did not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."   Dodds v. Richardson, 614 F.3d at 1200.   More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct."   Dodds v. Richardson, 614 F.3d at 1200-01.

The specific example that the Tenth Circuit used to illustrate this principle is Rizzo v. Goode, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.   See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).   The Tenth Circuit noted that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations."   Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## LAW REGARDING IMMUNITY OF COURT OFFICERS

Absolute immunity bars civil rights and state law claims against judicial officers acting in their official judicial capacity.   See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-76 (10th Cir. 1990).   It is well settled that the doctrine of judicial immunity applies to 42 U.S.C. § 1983 actions.   See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir. 1986). Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion.   See Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006).

- 10 -

The Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status require complete protection from suit.   See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982).   The purpose of absolute judicial immunity is:

> to benefit the public, "whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).   The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus."   Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

Van Sickle v. Holloway, 791 F.2d at 1434-35.

Prosecutors are entitled to immunity in the performance of their prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).   The common law has long recognized that prosecutors must be immune from the chilling effects of civil liability.   See Burns v. Reed, 500 U.S. 478, 485 (1991).   Prosecutors, accordingly, are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. at 430.   These actions include initiating a prosecution, presenting the state's case, evaluating evidence, determining whether probable cause exists, and conducting plea negotiations.   See Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1490 (10th Cir. 1991); Nielander v. Bd. of Cty. Comm'rs., 582 F.3d 1155, 1164 (10th Cir. 2009).

Although public defenders and defense attorneys do not enjoy the same immunity as judges and prosecutors, they likewise cannot be sued under § 1983.   A plaintiff can only succeed in a § 1983 action where the defendant acted under color of state law.   See West v. Atkins, 487 U.S. at 48.   The Supreme Court has specifically held that a public defender does not act under color of state law when acting as counsel to a defendant in a criminal proceeding.   See Polk Cty. v.

Dodson, 454 U.S. 312, 315 (1981).   The rule also extends to "counsel [that] is privately retained."
Vermont v. Brillon, 556 U.S. 81, 91 (2009).   As the Supreme Court explained: "[o]nce a lawyer
has undertaken the representation of an accused, the duties and obligations are the same whether
the lawyer is privately retained, appointed, or serving in a legal aid or defender program."
Vermont v. Brillon, 556 U.S. at 91 (quoting Polk Cty. v. Dodson, 454 U.S. at 318).   See also Dunn
v. Harper Cty., 520 F. App'x 723, 725-26 (10th Cir. 2013)("[I]t is well established that neither
private attorneys nor public defenders act under color of state law for purposes of § 1983 when
performing traditional functions as counsel to a criminal defendant.").   Thus, a plaintiff cannot
recover damages from his state-appointed defense lawyer, even if the representation was
inadequate, because "the conduct" is not "chargeable to the state."   Barnard v. Young, 720 F.2d
1188, 1189 (10th Cir. 1983).

## LAW REGARDING HECK v. HUMPHREY'S BAR

The Heck v. Humphrey, 512 U.S. 477 (1994), doctrine "avoids allowing collateral attacks
on criminal judgments through civil litigation."   McDonough v. Smith, 139 S. Ct. 2149, 2157
(2019).   In Heck v. Humphrey, the Supreme Court addressed when a prisoner may bring a § 1983
claim relating to his conviction or sentence.   See 512 U.S. at 487.   The Supreme Court held that,
when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a
judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or of his
sentence.   See Heck v. Humphrey, 512 U.S. at 487.   If the judgment would invalidate a sentence
or conviction, the complaint must be dismissed with prejudice.   See Heck v. Humphrey, 512 U.S.
at 487.   Similarly, although in some circumstances a prospective injunction may be available
under § 1983, the Heck v. Humphrey doctrine also bars declaratory and injunctive relief to the

- 12 -

extent that a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence.   See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005); Edwards v. Balisok, 520 U.S. 641 (1997).

## ANALYSIS

Cheney asserts claims against the judge, district attorney, and defense attorney involved in his state criminal case.   See Complaint, at 1-2.   Cheney also raises claims based on his placement in segregation.   See Complaint at 2-4.   After filing the Complaint, Cheney filed numerous briefs, supplements, and letter motions, along with a Motion to Appoint Counsel.   See, e.g., Motion to Appoint Counsel at 1.   The Court will address the pending Motion and which pleading controls before analyzing the merits of Cheney's claims.

## I.   THE COURT DENIES THE MOTION TO APPOINT COUNSEL.

Cheney asks the Court to appoint an attorney to assist in prosecuting this case.   See Motion to Appoint Counsel at 1.   "Courts are not authorized," however, "to appoint counsel in § 1983 cases; instead, courts can only 'request' an attorney to take the case."   Rachel v. Troutt, 820 F.3d 390, 397 (10th Cir. 2016).   Whether to make this request is a matter of the Court's discretion. Toevs v. Reid, 685 F.3d 903, 916 (10th Cir. 2012).   Factors guiding the Court's decision include "the merits of the claims, the nature of the claims, [the inmate's] ability to present the claims, and the complexity of the issues."   Rachel v. Troutt, 820 F.3d at 397.   Considering these factors, the Court is not convinced that counsel should be appointed at this time.   The claims are not particularly complex, and it is at least questionable whether Cheney will prevail on the facts alleged.   Further, beyond citing his indigence and lack of legal knowledge -- which is unfortunately true in most pro se cases -- Cheney has not demonstrated an inability to prosecute

- 13 -

the action.   The Court will therefore deny the Motion to Appoint Counsel.

## II.    THE COMPLAINT MEETS RULE 8'S SPECIFICITY REQUIREMENTS, BUT CHENEY'S SUPPLEMENTAL FILINGS DO NOT.

As noted above, rule 8 requires a short and plain statement of the grounds for relief.   See Fed. R. Civ. P. 8(a).   The original Complaint complies with this rule.   See generally Complaint. Cheney's briefs, supplements, and letters filed after the Complaint, however, do not comply with rule 8.   The supplemental filings are largely illegible, and appear to raise, primarily, real-time observations about prison life, rather than cognizable claims.   The supplemental filings also repeatedly alter the damages figure, "mak[ing] the complaint a moving target."   Minter v. Prime Equip. Co., 451 F.3d 1196, 1206 (10th Cir. 2006).   The Court therefore determines the Complaint will control in this case and will screen that pleading under rule 12(b)(6) and the in forma pauperis statute, 28 U.S.C. § 1915(e).   If Cheney wishes to pursue any claims he raised in the defective supplemental filings, he may reassert those claims in a single, amended complaint, as set forth below.

## III.   CHENEY DOES NOT STATE VIABLE CLAIMS AGAINST THE NAMED DEFENDANTS.

The only named Defendants in this case are Judge Dean, Mr. Sanchez, and Mr. Curnutt. None of those individuals is subject to suit under § 1983.   Relief is only available under § 1983 when the wrongdoing is attributable to a "'person' acting under color of state law."   McLaughlin v. Bd. of Trustees, 215 F.3d at 1172.   Criminal defense attorneys and public defenders do not act under color of state law.   See Polk Cty. v. Dodson, 454 U.S. at 316-318; Dunn v. Harper Cty., 520 F. App'x at 725-26 ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as

- 14 -

counsel to a criminal defendant.").   Cheney's claims against Mr. Curnutt therefore are not legally viable

Any claims against Judge Dean and Mr. Sanchez are also barred.   Prosecutors are absolutely immune from suit for actions "taken in connection with the judicial process."   Imbler v. Pachtman, 424 U.S. 409, 431 (1976).   This includes initiating a prosecution, presenting evidence, and -- as relevant here -- "negotiating a plea bargain."   Thomas v. Dona Ana Cty. Dist. Atty., 361 F. App'x 965, 968 (10th Cir. 2010)(discussing prosecutorial immunity under Imbler v. Pachtman).   Cheney therefore cannot sue Mr. Sanchez, even if he offered a plea deal without confirming competency or guilt.   Judge Dean is similarly immune from a civil rights suit based on actions taken in his judicial capacity.   See Mireles v. Waco, 502 U.S. 9, 11 (1991). "[I]mmunity applies even when the judge is accused of acting maliciously and corruptly." Mireles v. Waco, 502 U.S. at 11   (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)).   The only exception is when a judge "acts clearly without any colorable claim of jurisdiction."   Snell v. Tunnell, 920 F.2d 673, 686 (10th Cir. 1990).   As a State District Judge, Judge Dean clearly had jurisdiction over the criminal proceeding, notwithstanding any allegations of wrongdoing. Cheney's claims against Judge Dean therefore fail.

Further, even if Cheney could successfully sue the named Defendants, the requested relief is barred under Heck v. Humphry.   Heck v. Humphrey held that federal courts must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his or her conviction or sentence.   Heck v. Humphrey, 512 U.S. at 487.   Cheney's request to be compensated for his prosecution and conviction, which he believes should be vacated, necessarily attacks the criminal proceedings.   See e.g., Baldwin v. O'Connor, 466 F. App'x 717,

717 (10th Cir. 2012)(unpublished)(<u>Heck v. Humphrey</u> barred § 1983 monetary claims "alleging violations of . . . constitutional rights by . . . the deputy district attorney who prosecuted [plaintiff]");   <u>Williams v. Weber Cty.</u>, 562 F. App'x 621, 624 (10th Cir. 2014)(unpublished)(applying <u>Heck v. Humphrey</u> to bar damages for ineffective assistance of counsel).   For these reasons, the Complaint fails to state a claim upon which relief can be granted against the named Defendant.   The Court will dismiss all claims against Judge Dean, Mr. Sanchez, and Mr. Curnutt with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV. CHENEY'S EIGHTH AMENDMENT SEGREGATION ALLEGATIONS DO NOT STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

Cheney further alleges that, after his arrest, correctional officers placed him in segregation for over a year and a half.   <u>See</u> Complaint, at 2.   He contends that the correctional officers knew he suffered from mental illness and Lyme disease, and that they "wanted him to go crazy." Complaint at 2.   Cheney alleges the segregation placement amounts to cruel and unusual punishment, as the Eighth Amendment prohibits.   Accepting these allegations as true, the Complaint fails to state a cognizable Eighth Amendment claim.   Cheney has not identified any wrongdoers responsible for the housing placement, or "person[s] acting under color of state law." <u>McLaughlin v. Bd. of Trs.</u>, 215 F.3d at 1172.   In a civil rights action it is particularly important that the complaint "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claim against him or her."   <u>Robbins v. Oklahoma</u>, 519 F.3d at 1249-50.

Moreover, even if Cheney identified the individuals who were personally involved in the alleged deprivation, the Complaint does not appear to state a cognizable conditions-of-

confinement claim.   The Eighth Amendment requires prison officials to provide humane conditions of confinement by ensuring inmates receive the "minimal civilized measure of life's necessities."   Rhodes v. Chapman, 452 U.S. 337, 347 (1981).   These necessities include "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm."   Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008).   To demonstrate that prison conditions amount to cruel and unusual punishment, the alleged deprivation must be objectively serious, and the prison official must "have a sufficiently culpable state of mind."   Craig v. Eberly, 164 F.3d 490, 495 (10th Cir. 1998)(quotations omitted)(setting out the two-part test).

The Complaint provides no details regarding the conditions of the segregation; Cheney does not specify why he was placed in segregation or whether he was deprived of any necessities. Even if the segregation was imposed as a disciplinary measure and the isolation was fairly restrictive, Cheney must clear a very high hurdle to demonstrate the segregation amounted to cruel and unusual punishment.   For example, a survey of Tenth Circuit case law reflects that twenty-three-hour disciplinary lockdown programs are not extreme enough to state an Eighth Amendment claim.   See Ajaj v. United States, 293 F. App'x 575, 582-84 (10th Cir. 2008)(unpublished)(finding conditions such as "lock-down for 23 hours per day," "limitations on . . . access to telephones," and "limited ability to exercise outdoors" did not, individually or in concert, amount to an Eighth Amendment violation); Hill v. Pugh, 75 F. App'x 715, 721 (10th Cir. 2003)(unpublished)(finding no cruel and unusual punishment where inmate was "isolated in his cell twenty-three hours a day for five days a week and twenty-four hours the remaining two days"); Silverstein v. Fed. Bureau of Prisons, 559 F. App'x 739, 755 (10th Cir. 2014)(unpublished)(finding no violation where plaintiff ate alone, had no phone calls or face-to-face interaction, and only had ten hours per week

- 17 -

of recreation time); <u>Smith v. Romer</u>, 107 F.3d 21 (10th Cir. 1997)(table opinion)(finding no violation stemming from twenty-three-hour lockdown with meals in cells, limited vocational, educational, and recreational services, and exercise of one hour per day in cell); <u>Trujillo v. Williams</u>, 465 F.3d 1210, 1225 n.17 (10th Cir. 2006)(allegations of limited access to education, employment, religious programming, housing assignment, recreation time and equipment, the telephone, and the commissary did not establish a sufficient serious deprivation).   For these reasons, the Complaint's conclusory allegations regarding segregation fail to state a cognizable constitutional claim.   The Court will dismiss any claims pertaining to segregation.

## V.   <u>CHENEY HAS NOT EXHAUSTED ADMINISTATIVE REMEDIES.</u>

The Court also notes that, as an alternative ground for dismissal, Cheney has not exhausted his administrative remedies.   Inmates must exhaust administrative remedies before bringing a civil rights claim, and courts must dismiss suits filed before the exhaustion requirement is met. <u>See</u> 42 U.S.C. § 1997e(a); <u>Jones v. Bock</u>, 549 U.S. 199, 211 (2007)("[E]xhaustion is mandatory under the [Prison Litigation Reform Act ("PLRA")] and . . . unexhausted claims cannot be brought in court").   "Exhaustion is no longer left to the discretion of the district court, but is mandatory." <u>Woodford v. Ngo</u>, 548 U.S. 81, 84 (2006).   The "failure to exhaust . . . is an affirmative defense" and need not be examined in every case as part of the screening process under PLRA.   <u>Reedy v. Werholtz</u>, 660 F.3d 1270, 1276 (10th Cir. 2011).   Where "it is clear on the face of [the plaintiff's] complaint that he ha[s] not exhausted his administrative remedies," however, "the district court properly may raise the exhaustion question sua sponte . . . and seek additional information from [the plaintiff]."   <u>Freeman v. Watkins</u>, 479 F.3d 1257, 1260 (10th Cir. 2007).

The failure to exhaust is clear in this case.   Cheney's Complaint indicates that he did not

exhaust any administrative remedies.   <u>See</u> Complaint, at 5.   He also seeks to explain this failure, opining that the "violation of constitution[] super[s]edes all other laws, and [exhaustion] of administrative remedy is not need[ed] or necessary."   <u>See</u> Complaint at 5.   This statement is inaccurate.   Nearly all prisoners raise constitutional violations, and yet PLRA specifically requires prisoners to exhaust administrative remedies.   <u>See</u> 42 U.S.C. § 1997e(a); <u>Jones v. Bock</u>, 549 U.S. at 211.   The Complaint is therefore subject to dismissal in its entirety, unless Cheney can demonstrate that he exhausted all available remedies before filing suit.   <u>See</u> <u>Patel v. Fleming</u>, 415 F.3d 1105, 1109 (10th Cir. 2005)("[T]he PLRA contains a total exhaustion requirement, and . . . the presence of unexhausted claims in [prisoner]'s complaint require[s][a] district court to dismiss his [or her] action in its entirety without prejudice.")(quotations omitted).

## VI.   <u>THE COURT GRANTS LEAVE TO AMEND CERTAIN CLAIMS.</u>

Having determined that the Court must dismiss all claims, the Court considers whether to allow Cheney to amend the pleading.   <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d at 1110.   Pro se plaintiffs should normally be given an opportunity to remedy defects in their pleadings.   <u>See</u> <u>Hall v. Bellmon</u>, 935 F.2d at 1110.   Courts need not invite an amendment, however, when any amended claims would also be subject to immediate dismissal under rule 12(b)(6) or 28 U.S.C. § 1915.   <u>See</u> <u>Bradley v. Val-Mejias</u>, 379 F.3d 892, 901 (10th Cir. 2004).   Here, amending the claims against the named Defendants would certainly be futile.   As a matter of law, Cheney cannot recover money damages from the parties responsible for his prosecution and incarceration.   Moreover, the Court cannot grant the nonmonetary relief (<u>i.e.</u>, vacating the plea or criminal conviction) in a § 1983 action.   Challenges to state convictions and sentences must be brought as a 28 U.S.C. § 2254 habeas proceeding.   <u>See</u> <u>McIntosh v. U.S. Parole Comm'n</u>, 115 F.3d 809, 811 (10th Cir.

- 19 -

1997).   The Court will therefore dismiss the claims against named Defendants Judge Dean, Mr. Sanchez, and Mr. Curnutt with prejudice.

As to Cheney's Eighth Amendment claims regarding segregation, the Court concludes that Cheney should be granted leave to amend.   It is possible that the deficiencies in the segregation claim "are attributable to oversights . . . the result of an untutored pro se litigant's ignorance of special pleading requirements."   Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). Cheney may file a single, legible amended complaint asserting claims pertaining to his segregation, or other claims in the supplemental filings that the Court did not consider, within thirty (30) days of entry of this ruling.   The amended complaint should provide more information about whether Cheney exhausted administrative remedies, and -- if he did not -- why not.   If Cheney declines to file a single amended complaint or files another complaint that does not comply with rules 8(a) and 12(b)(6), the Court will dismiss this action with prejudice and without further notice.

**IT IS ORDERED** that: (i) Untitled Letter Requesting Counsel at 1, filed October 16, 2019 (Doc. 23), is denied; (ii) all claims against the Honorable John Dean, prosecutor Michael Sanchez, and defense attorney Mark Curnutt are dismissed with prejudice; and (iii) all remaining claims are dismissed without prejudice pursuant to rule 12(b)(6) and 28 U.S.C. § 1915(e), and Cheney may file a single, legible amended complaint within thirty days of this Order's entry.

_____
UNITED STATES DISTRICT JUDGE

- 20 -

*Parties:*

Logan Patrick Cheney
Grants, New Mexico

> *Plaintiff pro se*