IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LOGAN PATRICK CHENEY,

        Plaintiff,

vs.                                                              No. CIV 18-0196 JB\CG

JOHN A. DEAN,
MICHAEL P. SANCHEZ, and
MARK CURNETT,

        Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Logan Patrick Cheney's failure to file an amended complaint. Cheney is incarcerated, pro se, and proceeds in forma pauperis. See Order at 1, filed August 23, 2018 (Doc. 9). The Court previously dismissed his Prisoner Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, filed February 28, 2018 (Doc. 1)("Original Complaint"), for failure to state a cognizable claim, and the Court granted Cheney leave to amend. See Memorandum Opinion and Order at 1, filed April 21, 2020 (Doc. 26)("Screening MOO"). Because Cheney has not filed an amended complaint, the Court will dismiss this action with prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Cheney is a state inmate at the Northwest New Mexico Correctional Center in Grants, New Mexico. See Original Complaint at 1. The Original Complaint raises claims against three Farmington, New Mexico, officials: (i) the Honorable John Dean, New Mexico District Judge; (ii) prosecutor Michael Sanchez; and (iii) defense attorney Mark Curnutt. See Original Complaint at 1. Cheney alleges that those individuals were biased, prejudiced, and did "everything they

could to get the criminal conviction[,] regardless of constitutional rights."   Original Complaint at

1, 4.   For example, they allegedly instructed investigators "to only look for things for a criminal

conviction."   Original Complaint at 2.   Mr. Sanchez allegedly failed to "correct . . . false

information . . . against Plaintiff."   Original Complaint at 2.   Cheney further alleges that Judge

Dean did not conduct a fair trial and did not adhere to state speedy trial requirements.   See Original

Complaint at 2.   The Original Complaint does not provide any details about the conviction, but

the state criminal docket confirms that Cheney pled guilty to aggravated battery causing great

bodily harm and aggravated battery with a deadly weapon in violation of N.M. Stat. Ann. § 30-03-

05.   See New Mexico v. Cheney, Case No. D-1116-CR-2015-00385, Eleventh Judicial District

Court, County of San Juan, State of New Mexico.   The San Juan County District Court docket

entries are subject to judicial notice.   See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th

Cir. 2007)(courts have "discretion to take judicial notice of publicly-filed records . . . and certain

other courts concerning matters that bear directly upon the disposition of the case at hand"); Stack

v. McCotter, 79 F. App'x 383 (10th Cir. 2003)[1](holding that a state district court's docket sheet

---

[1]Stack v. McCotter is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it.   See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").   The United States Court of Appeals for the Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that McNamara v. Brauchler, 570 F. App'x 741 (10th Cir. 2014); Williams v. Weber County, 562 F. App'x 621 (10th Cir. 2014); Silverstein v. Federal Bureau of Prisons, 559 F. App'x 739 (10th Cir.

was an official court record subject to judicial notice under rule 201 of the Federal Rules of Evidence); Van Duzer v. Simms, No. CIV 18-0405 JB/LF, 2018 WL 2138652, at *1, n.1 (D.N.M. May 9, 2018)(Browning, J.)(noting that courts may take judicial notice of New Mexico state criminal dockets).   The Original Complaint further alleges that, after Cheney was arrested, correctional officers placed him in segregation for over a year and a half.   See Original Complaint, at 2.   Cheney alleges that the correctional officers did not issue a "write-up" or other disciplinary citation before the placement.   Original Complaint at 2.   The Original Complaint says that the correctional officers knew that Cheney suffered from mental illness and Lyme disease, and that they "wanted him to go crazy."   Original Complaint at 2.

Applying liberal construction, the Court determined the Original Complaint raises claims against the named Defendants under the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States of America and 42 U.S.C. § 1983.   See Screening MOO at 3. The Court also concluded that Original Complaint raises a claim against unnamed correctional officers for cruel and unusual punishment in violation of the Eighth Amendment to the Constitution and under § 1983.   See Screening MOO at 3.   The Prayer for Relief seeks: (i) to expunge Cheney's criminal conviction; (ii) at least $500,000.00 from each Defendant for lost wages and wrongful incarceration; and (iii) at least $2.5 million in damages based on his placement

_____

2014); Dunn v. Harper County, 520 F. App'x. 723 (10th Cir. 2013); Pola v. Utah, 458 F. App'x 760 (10th Cir. 2012); Baldwin v. O'Connor, 466 F. App'x 717 (10th Cir. 2012); Thomas v. Dona Ana County District Attorney, 361 F. App'x 965 (10th Cir. 2010); Ajaj v. United States, 293 F. App'x 575 (10th Cir. 2008); Hill v. Pugh, 75 F. App'x 715 (10th Cir. 2003); Stack v. McCotter, 79 F. App'x 383 (10th Cir. 2003); and Smith v. Romer, 107 F.3d 21 (10th Cir. 1997)(table opinion), all have persuasive value with respect to material issues and will assist the Court in its disposition of this Memorandum Opinion.

- 3 -

in segregation.   See Original Complaint, at 5.   In the section addressing the exhaustion of administrative remedies, the Original Complaint indicates that Cheney did not seek relief from prison officials before filing the federal action.   See Original Complaint at 5.   Cheney asserts that the "violation of Constitutional [rights] super[s]edes all other laws and [the exhaustion of] administrative remed[ies] is not need[ed] or ne[ce]ssary."   Original Complaint at 5.   After filing the Original Complaint, Cheney filed four handwritten letters, briefs, and addenda.   See Brief at 1, filed March 26, 2018 (Doc. 5); Supplement at 1, filed April 10, 2018 (Doc. 6); Supplement at 1, filed April 11, 2018 (Doc. 7); Appendix at 1, filed May 16, 2018 (Doc. 8)("supplemental filings").   The supplemental filings are difficult to read, but the legible sections appear to reallege Cheney's claims and raise other misconduct by prison officials.   See, e.g., Appendix at 2. Cheney also filed a motion requesting that the Court appoint counsel to assist with this case.   See Untitled Letter Requesting Counsel at 1, filed October 16, 2019 (Doc. 23)("Motion to Appoint Counsel").

The Court referred the matter to the Honorable Carmen Garza, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.   See Order Referring Case at 1, filed March 2, 2018 (Doc. 2).   Cheney obtained leave to proceed in forma pauperis, which enabled the Court to conduct an initial, sua sponte review of the Original Complaint pursuant to 28 U.S.C. § 1915(e) and rule 12(b)(6) of the Federal Rules of Civil Procedure.   See Order Granting Leave to Proceed Pursuant to 28 U.S.C. § 1915(b), filed August 23, 2018 (Doc. 9).   On April 21, 2020, the Court issued its Screening MOO, which held that: (i) Cheney's supplemental filings do not comply with rule 8(a) of the Federal Rules of Civil Procedure, and (ii) the discernable allegations

- 4 -

do not state a claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Screening MOO at 1.  Consistent with Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and Cheney's status as a pro se prisoner, the Court sua sponte granted leave to file an amended complaint.  See Screening MOO at 19-20.  The deadline to amend was May 21, 2020.  See Screening MOO at 20. Cheney did not comply or otherwise respond to the Screening MOO.  The Court will therefore summarize the reasons for dismissing the Original Complaint and dismiss this action with prejudice for failure state a claim upon which relief can be granted.

## LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS

Section 1915(e) of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e).  The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2). The court may also dismiss a complaint sua sponte under rule 12(b)(6) if "it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [plaintiff] an opportunity to amend [the] complaint would be futile."  Hall v. Bellmon, 935 F.2d at 1110.  In other words, the same standard of review applies under rule 12(b)(6) and § 1915(e).

Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)).  A complaint's sufficiency is a question of law and, when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor.  See Tellabs, Inc. v. Makor

- 5 -

Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd.))); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.   "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (citations and footnote omitted).

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face."  Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).   "Thus, the mere metaphysical

- 6 -

possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis omitted).   The United States Court of Appeals for the Tenth Circuit has stated:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."   The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(citation omitted)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."   Hall v. Bellmon, 935 F.2d at 1110.   If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements."   Hall v. Bellmon, 935 F.2d at 1110.   At the same time, however, pro se parties must file a legible pleading that complies with rule 8.   That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]"   Fed. R. Civ. P. 8(a).   "It is not the role of . . . the court . . . to sort through a lengthy . . . complaint and voluminous exhibits . . . to construct plaintiff' causes of action."   McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014(unpublished)(citations omitted).

- 7 -

See also Pola v. Utah, 458 F. App'x 760, 761 (10th Cir. 2012)(unpublished)(affirming dismissal of complaint that "included everything but the kitchen sink").   Allowing such pleadings to survive screening "would force the Defendants to carefully comb through" various documents "to ascertain which . . . pertinent allegations to which a response is warranted."   McNamara v. Brauchler, 570 F. App'x at 743.

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983.   Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute.   See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 did not create any substantive rights, but merely enforces existing constitutional and federal statutory rights.")(internal quotation marks, alteration, and citation omitted).   Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights.   To state a valid claim under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law.   See West v. Atkins, 487 U.S. 42, 48 (1988).   The Court has noted:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarified that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676.   Consequently, there is no respondeat superior liability under § 1983.   See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).   Entities cannot be held liable solely on the existence of an employer-employee relationship with an alleged tortfeasor.   See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 689 (1978).   Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts.   See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability.   See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006)(internal quotation marks omitted)). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations.   See Garcia v. Casuas, No. CIV 11-0011 JB/RHS 2011, WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir.

2010)).   The language that may have altered the landscape for supervisory liability in <u>Ashcroft v.</u>

<u>Iqbal</u> is: "Because vicarious liability is inapplicable to <u>Bivens</u> and § 1983 suits, a plaintiff must

plead that each Government-official defendant, through the official's own individual actions, has

violated the Constitution."   <u>Ashcroft v. Iqbal</u>, 556 U.S. at 676.   The Tenth Circuit in <u>Dodds v.</u>

<u>Richardson</u> stated:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude
> the following basis of § 1983 liability survived it and ultimately resolves this case:
> § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who
> creates, promulgates, implements, or in some other way possesses responsibility
> for the continued operation of a policy the enforcement (by the defendant-
> supervisor or her subordinates) of which "subjects, or causes to be subjected" that
> plaintiff "to the deprivation of any rights . . . secured by the Constitution[]"

614 F.3d at 1199 (quoting 42 U.S.C. § 1983).   The Tenth Circuit has noted, however, that "Iqbal

may very well have abrogated § 1983 supervisory liability as we previously understood it in this

circuit in ways we do not need to address to resolve this case."   <u>Dodds v. Richardson</u>, 614 F.3d

at 1200.   It concluded that <u>Ashcroft v. Iqbal</u> did not alter "the Supreme Court's previously

enunciated § 1983 causation and personal involvement analysis."   <u>Dodds v. Richardson</u>, 614 F.3d

at 1200.   More specifically, the Tenth Circuit recognized that there must be "an 'affirmative' link

. . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy

. . . -- express or otherwise -- showing their authorization or approval of such misconduct."   <u>Dodds</u>

<u>v. Richardson</u>, 614 F.3d at 1200-01.

The specific example that the Tenth Circuit used to illustrate this principle is <u>Rizzo v.</u>

<u>Goode</u>, 423 U.S. 362 (1976), where the plaintiff sought to hold a mayor, a police commissioner,

and other city officials liable under § 1983 for constitutional violations that unnamed individual

police officers committed.   <u>See</u> <u>Dodds v. Richardson</u>, 614 F.3d at 1200 (quoting <u>Rizzo v. Goode</u>,

423 U.S. at 371).   The Tenth Circuit noted that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations."   Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## LAW REGARDING COURT OFFICERS' IMMUNITY

Absolute immunity bars civil rights and state law claims against judicial officers acting in their official judicial capacity.   See Stump v. Sparkman, 435 U.S. 349, 355-56 (1978); Christensen v. Ward, 916 F.2d 1462, 1473-76 (10th Cir. 1990).   It is well settled that the doctrine of judicial immunity applies to 42 U.S.C. § 1983 actions.   See Van Sickle v. Holloway, 791 F.2d 1431, 1434-35 (10th Cir. 1986).   Absolute immunity bars all suits for money damages for acts made in the exercise of judicial discretion.   See Guttman v. Khalsa, 446 F.3d 1027, 1033 (10th Cir. 2006). The Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status require complete protection from suit.   See Harlow v. Fitzgerald, 457 U.S. 800, 807 (1982).   The purpose of absolute judicial immunity is:

> to benefit the public, "whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967).   The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus."   Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

Van Sickle v. Holloway, 791 F.2d at 1434-35.

Prosecutors are entitled to immunity in the performance of their prosecutorial functions. See Imbler v. Pachtman, 424 U.S. 409, 430 (1976).   The common law has long recognized that prosecutors must be immune from the chilling effects of civil liability.   See Burns v. Reed, 500

U.S. 478, 485 (1991).   Prosecutors, accordingly, are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. at 430.   These actions include initiating a prosecution, presenting the state's case, evaluating evidence, determining whether probable cause exists, and conducting plea negotiations.   See Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1490 (10th Cir. 1991); Nielander v. Bd. of Cty. Comm'rs., 582 F.3d 1155, 1164 (10th Cir. 2009).

Although public defenders and defense attorneys do not enjoy the same immunity as judges and prosecutors, they likewise cannot be sued under § 1983, but for different reasons.   A plaintiff can only succeed in a § 1983 action where the defendant acted under color of state law.   See West v. Atkins, 487 U.S. at 48.   The Supreme Court has specifically held that a public defender does not act under color of state law when acting as counsel to a defendant in a criminal proceeding. See Polk Cty. v. Dodson, 454 U.S. 312, 315 (1981).   The rule also extends to "counsel [that] is privately retained."   Vermont v. Brillon, 556 U.S. 81, 91 (2009).   As the Supreme Court explained: "[o]nce a lawyer has undertaken the representation of an accused, the duties and obligations are the same whether the lawyer is privately retained, appointed, or serving in a legal aid or defender program."   Vermont v. Brillon, 556 U.S. at 91 (quoting Polk Cty. v. Dodson, 454 U.S. at 318).   See also Dunn v. Harper Cty., 520 F. App'x 723, 725-26 (10th Cir. 2013)("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant."). Thus, a plaintiff cannot recover damages from his state-appointed defense lawyer, even if the representation was inadequate, because "the conduct" is not "chargeable to the state."   Barnard v. Young, 720 F.2d 1188, 1189 (10th Cir. 1983).

- 12 -

## LAW REGARDING HECK v. HUMPHREY'S BAR

The Heck v. Humphrey, 512 U.S. 477 (1994), doctrine "avoids allowing collateral attacks on criminal judgments through civil litigation." McDonough v. Smith, 139 S. Ct. 2149, 2157 (2019). In Heck v. Humphrey, the Supreme Court addressed when a prisoner may bring a § 1983 claim relating to his conviction or sentence. See 512 U.S. at 487. The Supreme Court held that, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or of his sentence. See Heck v. Humphrey, 512 U.S. at 487. If the judgment would invalidate a sentence or conviction, the complaint must be dismissed with prejudice. See Heck v. Humphrey, 512 U.S. at 487. Similarly, although in some circumstances a prospective injunction may be available under § 1983, the Heck v. Humphrey doctrine also bars declaratory and injunctive relief to the extent that a request for declaratory or injunctive relief would necessarily invalidate the prisoner's conviction or sentence. See Wilkinson v. Dotson, 544 U.S. 74, 80-81 (2005); Edwards v. Balisok, 520 U.S. 641 (1997).

## ANALYSIS

Cheney originally asserted claims against the judge, district attorney, and defense attorney involved in his state criminal case. See Original Complaint at 1-2. He also raised claims based on his placement in segregation. See Original Complaint at 2-4. After filing the Complaint, Cheney filed the numerous supplemental filings. See Brief at 1, filed March 26, 2018 (Doc. 5); Supplement at 1, filed April 10, 2018 (Doc. 6); Supplement at 1, filed April 11, 2018 (Doc. 7); Appendix at 1, filed May 16, 2018 (Doc. 8). As an initial matter, the Screening MOO held that the supplemental filings did not comply with rule 8(a), and that screening will be limited to the

- 13 -

Original Complaint.

The Screening MOO went on to conclude that the Original Complaint failed to state a cognizable constitutional claim for four reasons.   First, the Original Complaint failed to name a defendant subject to suit.   Cheney only named Mr. Curnutt, Mr. Sanchez, and Judge Dean.   As previously explained, Mr. Curnutt did not act under color of state law, and therefore cannot be liable under 42 U.S.C. § 1983.   See Polk Cty. v. Dodson, 454 U.S. at 316-18; Dunn v. Harper Cty., 520 F. App'x at 725-26 ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant.").   Mr. Sanchez is absolutely immune from suit for actions "taken in connection with the judicial process," including initiating a prosecution and negotiating a plea bargain.   Imbler v. Pachtman, 424 U.S. at 431.   See Thomas v. Dona Ana Cty. Dist. Attorney, 361 F. App'x 965, 968 (10th Cir. 2010)(unpublished).   Judge Dean is similarly immune from a civil rights suit based on actions taken in his judicial capacity.   See Mireles v. Waco, 502 U.S. 9, 11 (1991).

Further, even if Cheney could successfully sue the named Defendants, Heck v. Humphry bars the Original Complaint's requested relief.   Heck v. Humphrey provides that federal courts must dismiss any § 1983 damages claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his or her conviction or sentence.   Heck v. Humphrey, 512 U.S. at 487. The Original Complaint's request for compensation for Cheney's prosecution and conviction, which he believes should be vacated, necessarily attacks the criminal proceedings.   See e.g., Baldwin v. O'Connor, 466 F. App'x 717, 717 (10th Cir. 2012)(unpublished)(holding that Heck v. Humphrey barred § 1983 monetary claims "alleging violations of . . . constitutional rights by . . .

- 14 -

the deputy district attorney who prosecuted [plaintiff]"); Williams v. Weber Cty., 562 F. App'x 621, 624 (10th Cir. 2014)(unpublished)(applying Heck v. Humphrey to bar damages for ineffective assistance of counsel).   For these reasons, the Court concluded the Original Complaint failed to state a claim upon which relief can be granted against the named Defendants.   See Screening MOO at 13.   The Court dismissed all claims against Judge Dean, Mr. Sanchez, and Mr. Curnutt with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).   See Screening MOO at 20.

The Screening MOO also concluded that Cheney's allegations regarding his placement in segregation did not state an Eighth Amendment claim.   The Original Complaint does not identify any wrongdoers responsible for the housing placement, or "person[s] acting under color of state law."   McLaughlin v. Bd. of Trs., 215 F.3d at 1172.   The Original Complaint also does not demonstrate that Cheney was deprived of minimal necessities in segregation, such as "adequate food, clothing, shelter, sanitation, medical care, and reasonable safety from serious bodily harm." Tafoya v. Salazar, 516 F.3d 912, 916 (10th Cir. 2008).

As a final basis for dismissal, the Screening MOO noted that Cheney did not exhaust his administrative remedies before filing a federal action, as 42 U.S.C. § 1997e(a) requires.   See Jones v. Bock, 549 U.S. 199, 211 (2007)("[E]xhaustion is mandatory under the [Prison Litigation Reform Act, 28 U.S.C. § 1915 ("PLRA")] and . . . unexhausted claims cannot be brought in court"). The failure to exhaust is clear from the face of the Original Complaint.   See Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 2007)(providing that, where "it is clear on the face of [the plaintiff's] complaint that he ha[s] not exhausted his administrative remedies," "the district court properly may raise the exhaustion question sua sponte . . . and seek additional information from [the plaintiff]").   The Original Complaint indicates that Cheney did not exhaust any administrative

remedies.  See Original Complaint, at 5.  Specifically, the Original Complaint stated that the "violation of [the] constitution[] super[s]edes all other laws, and [exhaustion] of administrative remedy is not need[ed] or necessary."  See Original Complaint at 5.  The Screening MOO rejected that argument, noting that nearly all prisoners raise constitutional violations, and yet PLRA specifically requires prisoners to exhaust administrative remedies.  See 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. at 211.  The Original Complaint was therefore subject to dismissal based on the failure to exhaust administrative remedies.

For these reasons, the Screening MOO dismissed the Original Complaint without prejudice pursuant to rule 12(b)(6) and 28 U.S.C. § 1915(e).  See Screening MOO at 20.  The Screening MOO concluded that it would be futile to amend any claims against the judge, prosecutor, and defense attorney based on Cheney's state criminal prosecution, as those claims are barred as a matter of law.  See Screening MOO at 20.  The Screening MOO granted Cheney leave, however, to file a single, legible amended complaint asserting claims pertaining to Cheney's segregation, or other claims in the supplemental filings that the Court did not consider, by May 21, 2020.  See Screening MOO at 20.  The Screening MOO warned that if Cheney decline to timely file an amended complaint, "the Court w[ould] dismiss this action with prejudice and without further notice."  Screening MOO at 20.

The deadline to amend was May 21, 2020.  See Screening MOO at 20.  Cheney did not file an amended complaint or otherwise respond to the Screening MOO.  The Court will therefore dismiss this prisoner civil rights action with prejudice pursuant to rule 12(b)(6) and 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that: (i) Plaintiff Logan Patrick Cheney's Prisoner Civil Rights

Complaint Pursuant to 42 U.S.C. § 1983, filed February 28, 2018 (Doc. 1), is dismissed with prejudice pursuant to rule 12(b)(6) and 28 U.S.C. § 1915(e); and (ii) the Court will enter a separate Final Judgment closing the civil case.

_____
UNITED STATES DISTRICT JUDGE

*Party:*

Logan Patrick Cheney
Grants, New Mexico

 *Plaintiff pro se*